**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ROBERT G. LINENWEBER, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:20-cv-00408-K |
| SOUTHWEST AIRLINES CO., GARY C. KELLY, TAMMY ROMO and MIKE VAN DE VEN, | § § § § | |
| Defendants. | § § | |

<u>**DEFENDANTS' NOTICE OF RECENT AUTHORITY**</u>

Defendants respectfully notify the Court regarding Judge Scholer's decision in *Crutchfield v. Match Group, Inc.*, Case No. 3:19-02356-S, 2021 WL 1167578 (N.D. Tex. Mar. 26, 2021). *Crutchfield* is a similar "event driven" Rule 10b-5 securities class action that arose from a Federal Trade Commission ("FTC") suit alleging that Match.com violated federal consumer protection laws. The *Crutchfield* plaintiffs alleged that these alleged consumer protection violations rendered Match Group's public statements materially misleading. (*See id.* at *2-6.)

In granting dismissal, Judge Scholer held that the alleged violations did not render Match Group's affirmative statements false or fraudulent, reasoning in part that "the Amended Complaint does not allege any facts creating a strong inference that, at the time Match made these statements, Defendants knew that the alleged policies and practices were illegal." (*See id.* at *15.) Judge Scholer also faulted the complaint for failing to allege specific facts showing that the two individual defendants personally acted with scienter. (*See id.* at *16-19.) In addition, Judge Scholer rejected plaintiffs' allegations that a collective $40 million in stock sales by Match's two

1

most senior executives supported a strong inference of scienter. (*See id.* at *20.) Lastly, Judge Scholer declined to apply a "core operations" theory of scienter. (*See id.* at *22.)

The decision in *Crutchfield* strongly supports dismissal here. Notably, unlike in *Crutchfield* (where the FTC filed suit alleging improper practices), no government body has sued Southwest over the issues giving rise to this litigation. And while the *Crutchfield* plaintiffs included allegations from purported "confidential witnesses" attempting to show that the individual defendants were personally aware of the alleged problems, Plaintiffs allege no facts showing that the named individual Defendants personally knew of any facts contradicting their public statements. The *Crutchfield* decision supports dismissal.

Dated: March 31, 2021

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP


/s/ *Peter A. Stokes*

Michael A. Swartzendruber (Lead Counsel)
State Bar No. 19557702
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
michael.swartzendruber@nortonrosefulbright.com

Peter A. Stokes
State Bar No. 24028017
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
peter.stokes@nortonrosefulbright.com

*Counsel for Defendants*

Linenweber-supplemental-authorities-Match.docx

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on March 31, 2021, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ *Peter A. Stokes*

Peter A. Stokes

Linenweber-supplemental-authorities-Match.docx

3