**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ROBERT G. LINENWEBER, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:20-cv-00408-K |
| SOUTHWEST AIRLINES CO., GARY C. KELLY, TAMMY ROMO and MIKE VAN DE VEN, | § § § § § | |
| Defendants. | § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF RECENT AUTHORITY[1]**

Plaintiff's latest citation again confirms that the allegations here are far afield from those in any Fifth Circuit decision sustaining a Rule 10b-5 pleading. *See Oklahoma Firefighters Pens. & Ret. Sys. v. Six Flags Entmt. Corp.*, 58 F.4th 195 (5th Cir. 2023). Unlike in *Six Flags*, Plaintiff offers no allegations from **any** "confidential witnesses." *See id.* at 208-09. Defendants' motion to dismiss moreover does not rely on the statutory safe harbor for forward-looking statements or implicate the question of whether statements are solely forward-looking or are "mixed present/future statement[s]," nor do the claims against Southwest pertain to the "impossibility" of meeting future projections.[2] These central issues in *Six Flags* have no bearing on this suit.

*Six Flags* instead only further illuminates the weakness of this case. In addition to the absence of confidential witnesses, Plaintiff pleads nothing resembling the *Six Flags* plaintiffs'

---

[1] Defendants file this response pursuant to the granted Unopposed Motion for Leave to File Notice of Recent Authorities, which sought leave for Defendants to file a response to Plaintiff's submission. *See* ECF #47, 48.

[2] *See Six Flags*, 58 F.4th at 210-11; ECF #27 (Defendants' Motion to Dismiss).

allegations that two major overseas theme parks important to the company's financial success were essentially unfunded, lacked blueprints for critical infrastructure, and had "barely begun construction" despite public representations they would open on time; that the development partner for the projects had already failed to make timely payments; that executives received written presentations concerning the lack of progress on the projects; and that the named executives were incentivized by massive bonuses tied to the alleged misstatements—bonuses that would likely have been paid but for a $15 million revenue adjustment due to the delays. *See id.* at 204-06, 213-20. Plaintiffs likewise offer nothing resembling the *Six Flags* plaintiffs' photographic evidence showing "almost no progress" on construction. *See id.* at 213. Further, unlike in *Six Flags*, the allegations here pertain to alleged regulatory shortcomings that were not inherently "obvious" to the named executives (and, again, were not alleged to have been "obvious" even to the FAA itself, which took no action against Southwest for the alleged infirmities), thus placing this case far outside the rare circumstances where a "core operations" inference can be drawn.[3]

*Six Flags* does not change the law and instead simply highlights the types of allegations necessary to survive dismissal that are wholly absent here. The Court should dismiss this suit.

---

[3] *See* ECF #30, Defendants' Reply at 6-7 & n. 18.

Dated: March 3, 2023

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP


/s/ *Peter A. Stokes*

Michael A. Swartzendruber (Lead Counsel)
State Bar No. 19557702
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200
michael.swartzendruber@nortonrosefulbright.com

Peter A. Stokes
State Bar No. 24028017
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone:  (512) 474-5201
Facsimile:  (512) 536-4598
peter.stokes@nortonrosefulbright.com

*Counsel for Defendants*


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on March 3, 2023, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ *Peter A. Stokes*

Peter A. Stokes

3